**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

TROY HARVEY,                          :     Case No. 3:25-cv-00428
                                      :
    Plaintiff,                      :     District Judge Thomas M. Rose
                                      :     Magistrate Judge Caroline H. Gentry
vs.                                   :
                                      :
CITY OF TROY, OHIO, *et al*.,         :
                                      :
    Defendants.                     :

═══════════════════════════════════════════════════════════

**REPORT AND RECOMMENDATION**

═══════════════════════════════════════════════════════════

This matter is before the undersigned Magistrate Judge to screen Plaintiff's Amended Complaint. (Doc. No. 7.) For the reasons discussed below, the undersigned **RECOMMENDS** that the Court **DISMISS** the Amended Complaint and close the case.

Before addressing the substance of the Complaint, the undersigned addresses its form, which violates a previous Order. Plaintiff's original Complaint in this case was 93 pages long, or 340 pages long with attachments. (*See* Doc. No. 5). As the undersigned explained on an initial review, the Complaint was not one complaint, but a confusing and inconsistent series of four or more complaints, typed and handwritten, filed altogether. (*See* Order for Amended Complaint, Doc. No. 6 at PageID 751-752.) The Court ordered Plaintiff to file an Amended Complaint and specifically instructed Plaintiff that "[t]he Amended Complaint shall be a single complaint rather than a series of complaints." (Doc. 6 at PageID 757.)

Plaintiff did file an Amended Complaint, but it is not a single complaint. (Doc. No. 7.) It is two full complaints, one typed, and one handwritten, filed together. (*Compare* Doc. No. 7 at PageID 759-760 *with* PageID 761-765.) They are not fully consistent. (*Id*.) Because Plaintiff is proceeding without the assistance of counsel, the undersigned elects to consider only the first complaint presented within the Amended Complaint (*see* Doc. No. 7 at PageID 759-760) rather than striking the Amended Complaint in its entirety. Citations to the Amended Complaint hereinafter refer to this set of pages. (*Id*.)

In this Amended Complaint, Plaintiff Troy R. Harvey sues the City of Troy, Ohio; Dominic Burnside, a Troy police officer; and Shawn McKenney, Troy's Chief of Police. (Doc. No. 7 at PageID 759.) Burnside and McKenney are sued in their individual capacities only. (*Id*.) Plaintiff's claims arise from a conversation he reportedly had with Officer Burnside, in which Plaintiff raised his concern that his deceased father had been exploited, but Burnside declined to investigate or document Plaintiff's concern. (*Id*.)

Specifically, Plaintiff states that he "contacted the Troy Police Department to report suspected financial exploitation and elder abuse concerning his [late] father" on May 27, 2025.[1] (Doc. No. 7 at PageID 759.) Plaintiff "provided documentation and requested that a formal police report be generated," but "Defendant Burnside declined to prepare a formal investigative report[.]" (*Id*.) Without such a report, Plaintiff says, he

---

[1] In a previous filing, Plaintiff stated that his father died on October 23, 2024. (*See* Doc. No. 1-1 at PageID 77-78.)

"was unable to pursue further governmental review or protective remedies that typically require official law enforcement documentation." (*Id*.)

Plaintiff sues under 42 U.S.C. § 1983, which authorizes lawsuits "against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). (*See* Doc. No. 7 at PageID 759.) Plaintiff raises three claims in the Amended Complaint. In his first and second claims, Plaintiff asserts that his procedural due process and equal protection rights, respectively, under the Fourteenth Amendment to the U.S. Constitution were violated. (*Id*. at PageID 760.) In his third claim, Plaintiff raises a *Monell* liability claim against the City of Troy, asserting that these violations were caused by the City's policies, customs, or practices. (*Id*.)

As damages, Plaintiff states that he "suffered denial of equal access to governmental services and emotional distress." (Doc. No. 7 at PageID 760.) He seeks declaratory relief, as well as compensatory and punitive damages. (*Id*.)

Because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No. 4), the Court must screen his Amended Complaint and dismiss any part of it that is frivolous or malicious; that fails to state a claim on which relief may be granted; or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the *pro se* Amended Complaint, but will not construct claims for Plaintiff or speculate about facts he has not alleged. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tulis v. Orange*, 686 F. Supp. 3d 701, 706 (M.D. Tenn. 2023).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Here, Plaintiff fails to state a **procedural due process claim**. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "Whether there exists a constitutionally protected interest is the threshold determination in any procedural due process claim." *Mathews v. Ohio Pub. Emps. Ret. Sys.*, 91 F. Supp. 3d 989, 997 (S.D. Ohio 2015) (citing *Howard v. Grinage,* 82 F.3d 1343, 1349-1350 (6th Cir. 1996)).

As there are no allegations in the Amended Complaint that Defendants deprived Plaintiff of his life or his personal liberty, the Court considers whether Plaintiff has

sufficiently alleged a protected <u>property</u> interest. On this point, Plaintiff asserts that he has "a protected interest in accessing governmental procedures available to complainants seeking law enforcement documentation." (Doc. No. 7 at PageID 760.) This asserted interest is insufficient to state a procedural due process claim.

> "Property interests are not created by the Constitution[;] 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. ...' " *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). "A property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004) (citing *Perry v. Sindermann*, 408 U.S. 593, 602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), among other cases). "Although the underlying substantive interest is created by 'an independent source such as state law,' *federal constitutional law* determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (citation omitted). To that end, "a property interest in a benefit" requires that a person have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 756, 125 S.Ct. 2796 (quoting *Roth*, 408 U.S. at 577, 92 S.Ct. 2701 (1972)). "<u>The hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except 'for cause.' </u>" *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (citation omitted; collecting examples)).

*Hasanaj v. Detroit Pub. Schs. Cmty. Dist.*, 35 F.4th 437, 447 (6th Cir. 2022) (emphasis added).

Plaintiff has not alleged such an individual entitlement. Instead, at most, he states a unilateral expectation that he could compel law enforcement to investigate his concerns and to document their investigation so that he could use that documentation to pursue other legal remedies. But "[t]here is no statutory or common law right, much less a

constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citation omitted) (rejecting plaintiffs' "theory of due process liability—that the [police] defendants failed to investigate the accident adequately"). As pled in the Amended Complaint, Plaintiff's dissatisfaction with the outcome of his conversation with Officer Burnside does not implicate a constitutionally protected property interest or rise to the level of a constitutional deprivation. *See Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 771 (6th Cir. 2017) (rejecting § 1983 claim against police officer who allegedly "failed to adequately investigate the [plaintiffs'] allegations" that their children were assaulted, because "there is no right to an adequate police investigation"). Without a constitutionally protected interest, Plaintiff cannot state a procedural due process claim. *See Wilkinson,* 545 U.S. at 221.

With respect to his **equal protection claim**, Plaintiff alleges that "Defendants treated Plaintiff differently from similarly situated complainants without a rational basis" when they "declined to provide investigative intake and documentation routinely provided in comparable circumstances." (Doc. No. 7 at PageID 760.) He also alleges that, "[u]pon information and belief, the Troy Police Department routinely prepares formal documentation when citizens report comparable financial exploitation complaints not involving intra-familial disputes." (*Id*. at PageID 759.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted).

6

"[A] valid equal-protection claim requires showing 'that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Reform Am. v. City of Detroit, Michigan*, 37 F.4th 1138, 1152 (6th Cir. 2022) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).

Plaintiff fails to state an equal protection claim. His allegations in this respect amount to "labels and conclusions," which are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("labels and conclusions, and a formulaic recitation of a cause of action's elements will not do"). He fails to identify any other individuals who have been treated differently, simply assuming, "upon information and belief," that they exist and are treated differently. And he provides no facts that would negate "every conceivable basis" Officer Burnside might have had when he decided not to investigate claims that a deceased person had been exploited, or to show that the decision was "motivated by animus or ill-will." *Davis v. Prison Health Servs.*, 679 F.3d 433, 438 (6th Cir. 2012) (discussing the rational basis test). In short, Plaintiff has not provided sufficient factual materials to raise his claims "above the speculative level." *Id*. at 555.

In light of these conclusions, Plaintiff also fails to state a ***Monell* claim** against the City of Troy. The United States Court of Appeals for the Sixth Circuit has explained:

> A municipality is not subject to § 1983 liability "for an injury inflicted solely by its employees or agents." *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1038 (6th Cir. 2024) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Instead, the municipality can only be held liable "for [its] *own* illegal acts." *Id.*

(alteration in original) (quoting *Connick v. Thompson*, 563 U.S. 51, 60, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011)). So the plaintiff must show that an employee's unconstitutional conduct stems from a municipal "policy or custom." *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 599 (6th Cir. 2025). …

[O]ur precedent shows that "[t]here can be no liability under *Monell* without an underlying constitutional violation." *Chambers v. Sanders*, 63 F.4th 1092, 1101-02 (6th Cir. 2023) (alteration in original) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)). And if "no underlying rights violation [is] plausibly established in the[ ] complaint, we [will] affirm the district court's dismissal of [a] *Monell* claim." *Id.* at 1102.

*Martinez v. Wayne Cnty., Michigan*, 142 F.4th 828, 843-844 (6th Cir. 2025) (emphasis added).

The *Monell* claim also fails because it is insufficiently pled.

To set forth a claim on this theory, the complaint must show (1) the existence of a clear and persistent pattern of unconstitutional conduct; (2) notice or constructive notice on the part of the municipality; (3) the municipality's tacit approval of the unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction; and (4) that the [municipality's] custom was the moving force or direct causal link in the constitutional deprivation.

*Martinez*, 142 F.4th at 843-844. Plaintiff does not do so. In the Amended Complaint, Plaintiff states: "The constitutional violations described were caused by policies, customs, or practices within the City of Troy Police Department regarding intake and documentation of complaints involving alleged intra-family financial exploitation." (Doc. No. 7 at PageID 760.) But he does not say what these policies are or how they caused his alleged damages. This statement, too, is simply a label or conclusion without sufficient factual support.

Plaintiff's supervisory liability claim against Defendant McKenney, the Chief of Police, also fails to state a claim on which relief may be granted. (*See* Doc. No. 7 at PageID 759.) In his sole allegation against McKenney, Plaintiff alleges that "Defendant McKenney, as Chief of Police, maintained supervisory authority over investigative procedures and intake practices. No corrective action was taken to ensure Plaintiff's complaint was processed consistently with standard investigative practice." (*Id*. at PageID 759-760.)

These assertions are insufficient. "It is well-settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior.*" *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Iqbal,* 556 U.S. at 676) (cleaned up). "In other words, a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another. Consequently, a mere failure to act will not suffice to establish supervisory liability." *Id*. (citation omitted). "At a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id*. at 242 (cleaned up). Here, even if Plaintiff had sufficiently alleged a constitutional violation by Officer Burnside, he has failed to allege facts to suggest that Chief McKenney could be held liable as Burnside's supervisor.

For all these reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the Amended Complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). The undersigned further **RECOMMENDS** that the

9

Court **CERTIFY** that an appeal of an order adopting this Report and Recommendation would not be taken in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may object to this recommendation as discussed in the section below. He is reminded that he must notify the Court if his mailing address changes while this case is pending.

**IT IS SO RECOMMENDED**.

s/Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).